IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| MARIO DEWAYNE DOMINICK, | ) | 1:22-CV-0284-SPB-RAL |
| | ) | |
| Plaintiff | ) | SUSAN PARADISE BAXTER |
| | ) | United States District Judge |
| v. | ) | |
| | ) | RICHARD A. LANZILLO |
| CORRECTIONS OFFICER BEVINO, et al., | ) | Chief United States Magistrate Judge |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Defendants | ) | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.     Recommendation

It is respectfully recommended that this action be dismissed due to Plaintiff's failure to prosecute.

II.     Report

A.     Background

Plaintiff Mario Dwayne Dominick, an individual previously in the custody of the Erie County Prison ("ECP"), commenced this prose civil rights action pursuant to 42 U.S.C. § 1983 against ECP corrections officers Bevevino[1], Rider, Gould, and Slivinski. Dominick alleged that Rider failed to intervene to stop another inmate's ongoing assault upon him, Bevevino subjected him to unsafe conditions of confinement by allowing him to be housed in a cell with a "known homosexual" for five days, Gould encouraged inmates to harass him, and Gould and Slivinski made offensive comments to or about him. See ECF No. 13, p. 3. He claimed that each Defendant's

_____

[1] Dominick's Complaint misidentified Officer Bevevino as "Bevino."

1

conduct violated his rights under the Eighth Amendment to the United States Constitution. On Defendants' motion to dismiss, the Court dismissed Dominick's claim pursuant to the federal Prison Rape Elimination Act and all claims against Defendants Bevevino, Gould, and Slivinski. *See* ECF Nos. 29, 31. The sole surviving claim, an Eighth Amendment "failure to intervene" claim against Defendant Rider, proceeded to discovery.

On July 31, 2024, Defendant Rider filed a motion for summary judgment, supporting brief, and concise statement of material facts in accordance with Fed. R. Civ. P. 56 and this Court's local rules. *See* ECF No. 43-45. On August 2, 2024, the Court ordered Dominick to file a memorandum or brief in opposition to the motion, a responsive concise statement of material facts, and an appendix or exhibits to his/her responsive concise statement on or before August 30, 2024. *See* ECF No. 46. Dominick failed to file any of the required documents by the specified dates and did not request an extension of time to do so. On September 23, 2024, the Court issued an order upon Dominick to show cause for his failure to comply with the Court's scheduling order. The Court further ordered Dominick to file a responsive concise statement of material facts on or before October 7, 2024. Dominick again failed to comply with this order, request an extension of time to do so, or explain his failure to comply. Indeed, Dominick has filed no papers or taken any action to prosecute this action since the filing of his Complaint on March 29, 2023.

B. Analysis

The Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether a case or claim should be dismissed for failure to prosecute. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether

the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id.* at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868).

As recently emphasized by the Court of Appeals, "dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." *Hildebrand*, 2019 WL 1783540, at *3 (quoting *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), and *Poulis*, 747 F.2d at 867, 869). Close calls should "be resolved in favor of reaching a decision on the merits." *Id.* (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, the Court of Appeals "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." *Id.* (citing *Poulis*, 747 F.2d at 867 n. 1).

Turning to the first *Poulis* factor, the Court must consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. *See Adams*, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). In the nearly 18 months since the docketing of Dominick's Complaint, he has taken no action to prosecute his case and ignored several Orders of this Court directing him to respond to motions. On August 28, 2023, the Court ordered Dominick to file a response to Defendants' motion to dismiss his Complaint pursuant to

Fed. R.Civ. P. 12(b)(6). See ECF No. 25. Dominick failed to respond. On January 22, 2024, the Court entered an Order upon Dominick to show cause for his failure to respond to the motion to dismiss or, alternatively, to file a response or an amended complaint no later than September 27, 2023.*See* ECF No. 28. Dominick also ignored this Order. Dominick also failed to cooperate in the scheduling of his deposition. See ECF Nos. 38-39. Because Dominick is proceeding pro se, he is solely responsible for his own conduct, including his failure to respond to orders from the Court. *See*, *e.g.*, *Colon v. Karnes*, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," *Adams*, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). In this case, Dominick's non-responsiveness to Court Orders and legitimate discovery requests by Defendant Rider have subjected him to unnecessary expense and delay and denied him a timely adjudication of the claim against him. *See Mack v. United States*, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case."). This factor also weighs in favor of dismissal.

The same is true of the third *Poulis* factor. Plaintiff has failed to engage with the Court or take any steps in almost 18 months to pursue his claim. He has repeatedly ignored Court orders and failed to cooperate in discovery. This conduct constitutes a history of dilatoriness. *See Mack*,

2019 WL 1302626, at *2 ("Mack has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules.").

With respect to the fourth *Poulis* factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Dominick's consistent failure to respond to Court Orders and failure to take any action to prosecute his case for many months indicates that his intent to abandon his case and not simple neglect or inadvertence. This factor also weighs in favor of dismissal.

The fifth factor addresses the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 869. It is well-established that alternative, monetary sanctions are ineffective where the Plaintiff is indigent. *See, e.g.*, *Brennan v. Clouse*, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. *Mack*, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. In this case, Defendant Ryder's motion for summary judgment raise multiple grounds for the entry of judgment in his favor, including that Dominick failed to exhaust his administrative remedies on his claim against Ryder as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. Ryder also argues that the record negates or fails to support essential elements of Dominick's claim against him. Ryder has properly supported his motion with a concise statement of material facts and supporting evidence. Because Dominick

has failed to file a responsive concise statement of material facts, all properly supported assertions of fact in Ryder's concise statement are deemed admitted. The record before the Court strongly supports a lack of merit in Dominick's claim against Ryder. Accordingly, this factor also favors dismissal.

In summary, the Court finds that all six *Poulis* factors heavily weigh in favor of dismissal of this. While the Court is mindful of this Circuit's strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to participate in his own lawsuit. Consequently, the Court concludes that the extreme sanction of dismissal is appropriate in this case.

III.    Conclusion

For the reasons set forth above, it is respectfully recommended that this action be dismissed due to Dominick's failure to prosecute.

IV.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days. Any party opposing the objections shall have fourteen days to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

Dated this 23rd day of October 2024.

RESPECTFULLY SUBMITTED BY:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

6